IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| vs. : | CIVIL NO. 06-cv-4930 |
| : | |
| **MARY LOUISE DENESE SLAEY, et al.,** : | |
| : | |
| Defendants. : | |

## MEMORANDUM OPINION AND ORDER

Rufe, J.                                                                                                                    July 23, 2008

      Plaintiff, the United States of America, General Services Administration ("Plaintiff" or "GSA") originally brought this claim against Mary Louise DeNese Slaey and Systems Integration and Management, Inc., ("SIM") (collectively "Defendants"), pursuant to the False Claims Act, 31 U.S.C. § 3729 for false claims and false payments.  Defendants subsequently filed counterclaims against Plaintiff, for: negligence (Countercl. I); breach of covenant of good faith and fair dealing (Countercl. II); fraud (Countercl. III); violation of the Fourth Amendment to the United States Constitution and trespass (Countercl. IV); and violation of the due process clause of the Fifth Amendment to the United States Constitution (Countercl. V).  Defendants also added third party Defendants Donald Nicholson (GSA's Director of IT solutions) and Leo Medley (SIM's Vice President of Operations), seeking contribution and indemnity.

      Presently before the Court is Plaintiff's Motion to Dismiss the Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction based on a failure to establish waiver of the United States' sovereign immunity, or in the alternative, for

1

summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

For purposes of this Motion to Dismiss, the Court must accept all facts in the counterclaim and all inferences to be drawn therefrom as true.[1] In 1998, Plaintiff and Defendant SIM entered into a Basic Ordering Agreement ("BOA") through which SIM performed task orders for information technology goods and services for GSA and other Government agencies.[2] Defendant SIM performed work pursuant to these task orders, which were overseen by third party Defendant Nicholson at GSA and third party Defendant Medley at SIM.[3]

In August, 2001, these task orders came under investigation by GSA for suspected false payments.[4] In December, 2005, Slaey and Nicholson were indicted for conspiracy to defraud and bribe the United States by submitting false claims under the task orders.[5] In early 2006, Medley was indicted for conspiracy, aiding and abetting, and bribery related to the indictments of Slaey and Nicholson.[6] In March, 2006, Medley and Nicholson pleaded guilty to the various violations under the BOA.[7] In August, 2006, Slaey and SIM were suspended from working under the BOA.

---

[1] Walker Process Equip., Inc. v. Food Mach. & Chem. Corp., 382 U.S. 172, 174-75 (1965); Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

[2] Doc. No. 18; Answer ¶ 9.

[3] Id. ¶¶ 15-16.

[4] Defs.' Resp. at 2.

[5] Id. at 3.

[6] Id.

[7] Id.

Three days later, the indictment was dismissed upon a Government motion.[8]  The United States Attorney declined prosecution thereafter.  Slaey remained suspended from work, however, until December 11, 2007.[9]

Plaintiff filed this action on November 7, 2006, alleging various claims under the False Claims Act, as well as misrepresentation, breach of contract, unjust enrichment and payment by mistake.[10]  The claims center around a theory that Slaey and SIM knowingly presented false claims for payment to GSA, under various task orders, pursuant to the umbrella BOA.  The counterclaims, filed August 23, 2007, allege various breaches of duty and fraud related to the task orders, in addition to several constitutional torts resulting from the investigation and indictment between 2001 and 2007.[11]   In the current Motion to Dismiss, Plaintiff argues that all five of Defendants' counterclaims should be dismissed because Defendants have not established a valid waiver of sovereign immunity for each claim, and therefore they lack subject-matter jurisdiction under Rule 12(b)(1).[12]

**II. STANDARD OF REVIEW**

The United States is immune from suit unless it has consented or has waived immunity in

---

[8] Id.

[9] Id.

[10] Doc. No. 1; Compl.

[11] See generally Answer.

[12] Pl.'s Mot. at 1.

an act of Congress.[13]  To survive a motion to dismiss for lack of jurisdiction, Defendants have the burden of showing that sovereign immunity has been waived, to the satisfaction of the Court.[14]

The primary congressional acts waiving sovereign immunity for tort and contract suits against the Government are the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), and the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. § 607(g)(1) and § 609(a)(1).  Waiver of Government immunity is narrowly construed.[15]  The FTCA waives Government immunity for injuries "caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[16]  Under this provision, the FTCA waives immunity for state law tort claims against the Government.[17]

To maintain jurisdiction in a Federal District Court under the FTCA, a claimant must ordinarily exhaust all administrative remedies.[18]  However, the FTCA waives this requirement for counterclaims.[19]

The FTCA does not provide immunity for suits against the Government falling under the

---

[13] Merando v. United States, 517 F.3d 160, 164 (3d Cir. 2008) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)).

[14] In re Orthopedic Bone Screw Prod, Liab. Litig., 264 F.3d 344, 361 (3d Cir. 2001).

[15] Id. at 362.

[16] 28 U.S.C. § 1346(b)(1).

[17] In Re Orthopedic, 264 F.3d at 362.

[18] 28 U.S.C. § 2675(a).

[19] Id.

provisions of the Contract Disputes Act.[20] The CDA requires that a claimant either exhaust all administrative remedies or file an original claim in the United States Court of Federal Claims.[21] Thus, if a claim sounds in breach of contract, and may be initiated under the CDA, it must be filed in one of these two ways.

Lastly, as a matter of law, the FTCA does not provide a waiver of immunity to constitutional tort claims.[22]

**III. DISCUSSION**

    **A. Negligence**

Defendants rely upon the FTCA and its subsection § 1346(a)(2), known as the "Little Tucker Act," to establish a waiver of immunity for their negligence, breach of good faith and fair dealing, and constitutional tort counterclaims.[23] They maintain that their counterclaim for fraud is a compulsory counterclaim for recoupment damages, and therefore does not require a specific waiver of immunity.[24]

Plaintiff argues that Defendants have failed to establish a waiver of immunity under the FTCA for their negligence counterclaim.[25] The focus of this argument is upon § 2675(a), which requires exhaustion of administrative remedies prior to asserting a negligence claim against the

---

[20] 28 U.S.C. § 1346(a)(2).

[21] 41 U.S.C. § 609(a)(1).

[22] F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994); Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2006).

[23] Defs.' Resp. at 10, 11, 13, 15.

[24] Id. at 17.

[25] Pl.'s Mot. at 6.

5

Government. Defendants have not exhausted their administrative remedies.[26] However, § 2675(a) provides an exception to this requirement for counterclaims. Plaintiff contends that only compulsory counterclaims, rather than permissive counterclaims, are excepted from the exhaustion requirement,[27] citing one unreported 1986 case from the Eastern District of Pennsylvania and one case from the Western District.[28]

Without reaching the merits of this contention, this Court finds that the counterclaims asserted by Defendants are compulsory. A counterclaim is compulsory if it arises out of the same transaction or occurrence as the original claim or claims.[29] Plaintiff initiated this suit alleging false claims under the BOA and its various task orders, executed by GSA and Defendants Slaey and SIM.[30] Similarly, Defendants' counterclaims arise out of this same contractual relationship, under the BOA, and between the identical parties.[31] Thus, for purposes of this motion, we find that the counterclaims are compulsory in nature.

Because Defendants' counterclaims are compulsory, Defendants do not need to meet the requirement of exhaustion before exercising their claims against the Government.[32] Defendants have otherwise met the requirements of establishing a waiver of sovereign immunity for their

---

[26] Defs.' Resp. at 9 (arguing instead that an exception to the exhaustion requirement should apply).

[27] Pl.'s Mot. at 9.

[28] United States v. Nicolet, No. 85-3060, 1986 WL 15017, at *1 (E.D. Pa. Dec. 31, 1986); F.T.C. v. Commw. Mktg. Group, 72 F. Supp. 2d 530, 540-41 (W.D. Pa. 1999).

[29] Fed. R. Civ. P. 13(a)(1)(A).

[30] Compl. ¶ 11.

[31] Answer at 23-25.

[32] 28 U.S.C. § 2675(a).

negligence claim under the FTCA. Section § 1346(b)(1), states that "the district courts . . . shall have exclusive jurisdiction . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Plaintiff's Motion to Dismiss the negligence counterclaim is therefore denied.

### B. Fraud and Recoupment

Plaintiff argues that Defendants' fraud counterclaim should be dismissed under the FTCA, which excepts most intentional torts from the normal waiver of immunity provisions.[33] Defendants have not only pleaded fraud against the Government, but have asserted this counterclaim as a recoupment claim, arising out of the same transaction or occurrence as the Government's false payments claims.[34] Recoupment claims are equitable in nature, and to some extent, circumvent Government immunity.[35]

While the FTCA states that the waiver of immunity provisions do not apply to many intentional torts, such as "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," the FTCA may not apply to equitable recoupment claims.[36] In Livera v. First National State Bank of N.J., the Third Circuit held that "a defendant may assert by way of recoupment *any claim* arising out of the same transaction or occurrence as the original

---

[33] 28 U.S.C. § 2680(h).

[34] Answer at 28.

[35] Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1196 (3d Cir. 1989).

[36] 28 U.S.C. § 2680(h).

claim in order to reduce or defeat the government's recovery."[37]

Although Plaintiff argues that the Supreme Court subsequently overruled this case in United States v. Dalm,[38] this contention is misplaced. Dalm held that a defendant could not bring a subsequent suit as a plaintiff against the Government for recoupment, where jurisdiction did not already exist.[39] In Livera, as in the instant case, jurisdiction had been established by the Government, and the recoupment claim was asserted as a compulsory counterclaim.[40] We find that the cases are factually distinguishable, and Dalm cannot be said to overrule the finding in Livera. Because we have already held that this counterclaim is compulsory, Defendants may assert their fraud claim as an equitable recoupment claim, under Livera. Plaintiff's Motion to Dismiss must be denied in this respect.

**C. Constitutional Torts**

Plaintiff next argues that Defendants' counterclaims based on the Fourth and Fifth Amendments to the Constitution should be dismissed, as Defendants have failed to establish a specific waiver of Government immunity.[41] The FTCA does not waive immunity for constitutional torts.[42] The Third Circuit stated this explicitly in Couden, where the Court found that "the United States is not liable under the FTCA for money damages for suits arising out of

---

[37] 879 F.2d at 1196.

[38] 494 U.S. 596, 608 (1990).

[39] Id.

[40] Livera, 879 F.2d at 1196.

[41] Pl.'s Mot. at 7.

[42] F.D.I.C., 510 U.S. at 477-78.

constitutional violations."[43] Defendants have likewise failed to establish a waiver of sovereign immunity for these counterclaims pursuant to any other statute. Plaintiff's Motion to Dismiss is granted with respect to Defendants' counterclaims based on Constitutional torts.

### D. Breach of Covenant of Good Faith and Fair Dealing

Plaintiff asserts that Defendants' breach of covenant of good faith and fair dealing counterclaim should likewise be dismissed for failure to establish an express waiver of Government immunity.[44] Plaintiff argues that this claim is, in fact, a breach of contract claim, and falls not under the FTCA or the Little Tucker Act, but under the CDA.[45] Defendants argue that this claim is not a contract claim, but a separate claim for breach of good faith and fair dealing, implicit in all contracts.[46] We find that, regardless of what this claim is titled, it is a dispute regarding the contract between the parties, and is thus a contract claim for purposes of jurisdiction.

The Little Tucker Act, which is simply a subsection of the FTCA, states that immunity is expressly waived for those claims not sounding in tort, that are not subject to sections 8(g)(1) and 10(a)(1) of the CDA.[47] These sections, codified in 41 U.S.C. § 607(g)(1) and 41 U.S.C. § 609(a)(1), state that contract claims against the United States must either originate in the United States Court of Federal Claims, or the claimants must first exhaust their administrative remedies.

---

[43] 446 F.3d at 499.

[44] Pl.'s Mot. at 8.

[45] Id.

[46] Defs.' Resp. at 16.

[47] 28 U.S.C. § 1346(a)(2).

Because this claim is a contract claim, it may be pursued under these sections of the CDA, and thus cannot be pursued under the Little Tucker Act. The Defendants have not exhausted their administrative remedies, and thus may only bring these contract claims in the Court of Federal Claims.

In addition, while Defendants argue that the Little Tucker Act extends jurisdiction to any action for damages under $10,000, this provision does not negate the requirement under the Act that the contract claim must be instituted in accordance with the dictates of the CDA if the CDA applies, as it does here.[48] While the Third Circuit has been silent on this issue, nearly every other circuit has held that a contract claim simply cannot be pursued under the FTCA in the federal district courts.[49] Plaintiff's Motion to Dismiss is granted with respect to Defendants' contract counterclaim, as Defendants have failed to point to any act of congress waiving immunity for these claims.

## CONCLUSION

Defendants have established a waiver of sovereign immunity under the FTCA for their negligence counterclaim against the United States, and may assert their fraud claim as a compulsory recoupment counterclaim without such waiver. Defendants have failed to establish a waiver with respect to their counterclaims for breach of covenant of good faith and fair dealing, violations of the Fifth Amendment to the United States Constitution, violations of the Fourth Amendment to the Constitution and trespass. With respect to the negligence and fraud

---

[48] Id.

[49] E.g. Skokomish Indian Tribe v. United States, 410 F.3d 506 (9th Cir. 2005) (en banc); Kroll v. United States., 58 F.3d 1087 (6th Cir. 1995); Davis v. United States, 961 F.2d 53 (5th Cir. 1991); Paul v. United States, 929 F.2d 1202 (7th Cir. 1991).

counterclaims, Plaintiff's Motion to Dismiss shall be denied.  With respect to all other counterclaims, it shall be granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| **Plaintiff,** : | |
| vs. : | **CIVIL NO. 06-4930** |
| **MARY LOUISE DENESE SLAEY, et al.,** : | |
| **Defendants.** : | |

**ORDER**

**AND NOW**, this 23rd day of July, 2008, upon consideration of the Plaintiff's Motion to Dismiss the Counterclaim [Docs. No. 30, 32], the Response in Opposition [Doc. No. 34], and the Reply thereto [Doc. No. 39], and after oral argument thereon, it is hereby

**ORDERED** that Plaintiff's Motion to Dismiss the Counterclaim is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' counterclaims for breach of good faith and fair dealing (Countercl. II), violations of the Fourth Amendment and trespass (Countercl. IV), and violations of the Fifth Amendment to the Constitution (Countercl. V), are **DISMISSED**;

2. Defendants' counterclaims for negligence (Countercl. I) and fraud (Countercl. III) shall **REMAIN**;

3. Plaintiff's Motion in the alternative for Summary Judgment is **DENIED** without prejudice as **PREMATURE**.

It is so **ORDERED**.

                                             **BY THE COURT:**
                                             **/s/ Cynthia M. Rufe**

                                             _____
                                             **CYNTHIA M. RUFE, J.**