IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
                Plaintiff,

        v.                                          :        CIVIL NO. 06-4930

MARY LOUISE DENESE SLAEY, et al.,
                Defendants.

## MEMORANDUM OPINION

FEBRUARY 12, 2014

RUFE, J.

Before the Court are the Government's Motion for Sanctions and Defendants' response thereto. For the reasons that follow, the Motion will be denied without prejudice.

I.    **Background**

On August 14, 2012, the Government filed a Motion for an Order to Show Cause why Defendants Should not be Held in Contempt, and on October 3, 2012, the Government filed a Memorandum in Support of its Motion that also sought a finding of contempt. The Government sought compliance with this Court's order of July 10, 2012, commanding, among other things, that Defendants provide accurate and complete financial disclosures. The Court set a hearing on the Government's Contempt Motion for September 4, 2012. After the hearing, the Government filed additional briefing in support of its Motion to hold Defendants in contempt. Defendants responded on November 28, 2012, and the Court set another hearing for February 13, 2013. On February 11, the hearing was continued until February 26, 2013. On February 20, Slaey filed a suggestion of bankruptcy, which entitled her to the protections of the automatic stay.[1] The hearing on the contempt motion took place on February 26, 2013, as scheduled.

---

[1] Because of this disposition of this matter, the Court need not determine whether the automatic stay bars the Government's motion.

The Court ordered a status report on July 15, 2013. The parties informed the Court that the Government intended to pursue its contempt motion and that Defendants would be able to respond shortly after the Bankruptcy Court before which Slaey's petition was pending ruled on her motion for attorneys' fees.[1] The Court set a briefing schedule that would be triggered by the Bankruptcy Court's ruling; that ruling came down on December 4, 2013. The parties have filed their final briefing, and the contempt motion is ripe for decision.

The Government avers that Defendants failed to comply with this Court's Order of July 10, 2012, directing them to provide complete financial disclosures. The Government has further amassed in its supportive briefing considerable evidence that Slaey has repeatedly lied, even under oath, about her financial position, specifically about which pieces of real property she has an ownership interest in. The Government requests a fine of $200 per day from the date that Defendants were required to comply with the Order (July 20, 2012) until the date of Slaey's bankruptcy petition (February 4, 2013). Notably, the government in its final briefing on the contempt matter does not seek compliance with the Court's Order of July 10, 2012.[2]

## II.    Discussion

The decision whether to hold a party in contempt is committed to the discretion of the Court.[3] There are two kinds of contempt of court: civil and criminal. Courts may hold litigants in civil contempt after notice and an opportunity to be heard, but courts may only hold litigants in

---

[1] Doc. No. 195.

[2] *See* Doc. No. 204.

[3] *U. S. v. Wilson*, 421 U.S. 309, 316–17 & n.9 (1975).

criminal contempt of court either after affording them the full panoply of rights afforded all criminal defendants,[4] or "if the judge saw or heard the contemptuous conduct and so certifies."[5]

The Supreme Court has held that "whether a contempt is civil or criminal turns on the character and purpose of the sanction involved."[6] Specifically, "a contempt sanction is considered civil if it is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court."[7] Furthermore, "[a] contempt fine . . . is considered civil and remedial if it either coerces the defendant into compliance with the court's order, or compensates the complainant for losses sustained. Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge. Thus, a flat, unconditional fine totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance."[8]

The Government's initial motion for contempt alleged discovery violations that occurred outside of the Court's presence and sought compliance with the Court's discovery order.[9] After the first hearing on the motion, the Government alleged that Slaey had testified falsely at the September 2012 hearing, but the Government did not alter the relief originally sought.[10] After the February 2013 hearing, the Government maintained that with respect to a piece of property

---

[4] *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 833 (1994), *In re Grand Jury Proceedings Harrisburg Grand Jury 79-1*, 658 F.2d 211, 216 (3d Cir. 1981).

[5] Fed. R. Crim. P. 42(b).

[6] *Bagwell* at 827 (internal quotation marks omitted).

[7] *Id.* at 827–28 (internal quotation marks omitted).

[8] *Id.* at 829 (citations, internal quotation marks, and alterations omitted).

[9] Doc. Nos. 123, 146.

[10] Doc. No. 160.

located in Vienna, Virginia, Slaey had filed inaccurate financial disclosures and testified falsely

at the September 2012 and February 2013 hearings and at her deposition, and that with respect to

a property in Oakton, Virginia, she misrepresented her ownership in a filing before this Court.[11]

In its most recent brief, the Government changed the sanction it sought to a fine of $39,600 and

does not suggest any way for Defendants to purge the contempt. Nor, in the absence of argument

on the subject, can the Court conclude that the requested sanction would compensate the

Government for costs incurred by the allegedly contemptuous acts. Because the remedy is

neither coercive nor compensatory, it must be punitive; because the remedy is punitive, the

Government is seeking to have Defendants held in criminal, not civil, contempt.

Criminal contempt must be punished by a process "which shall conform as near as may

be to the practice in other criminal cases,"[12] unless the contempt occurs in the court's presence

and "the judge saw or heard the contemptuous conduct and so certifies."[13] Although the

Government's contempt motion attacks some conduct that occurred in Court, namely, Slaey's

alleged misrepresentations in her sworn testimony at the contempt hearings, that is not the kind

of conduct to which courts have applied the summary proceedings in Rule 42(b).[14] Rather, courts

have punished disruptions to court proceedings as part of courts' inherent authority to maintain

order, decorum, efficiency, and respect for the administration of justice.[15]

---

[11] Doc. No. 204.

[12] 18 U.S.C § 3691.

[13] Fed. R. Crim. P. 42(b).

[14] *Cf. In re Oliver*, 333 U.S. 257, 274 (1948) (holding summary contempt for false swearing violated due process).

[15] *Oliver*, 333 U.S. at 275 (limiting summary criminal contempt proceedings only to those actions that pose "'an open threat to the orderly procedure of the court and such a flagrant defiance of the person and presence of the judge before the public' that, if 'not instantly suppressed and punished, demoralization of the court's authority will follow.'" (quoting *Cooke v. United States*, 267 U.S. 517, 536 (1925)). *Jessup v. Clark*, 490 F.2d 1068, 1072 (3d Cir. 1973) ("There was no disruption of the orderly course of proceedings in progress. There was no affront to the court

The Supreme Court has recognized that perjury generally does not amount to contempt "unless the perjury is part of some greater design to interfere with judicial proceedings."[16] The power to punish contempt "must not be used to punish perjury, and the only proper test is whether on its mere face, and without inquiry collaterally, the testimony is not a bona fide effort to answer the questions at all."[17] Here, the Government does not argue that Slaey's allegedly false statements in the presence of the Court were contemptuous; rather her repeated refusals in many contexts to comply candidly with the Court's July 10 Order support the Government's motion. The only in-court conduct that the Government complains of was allegedly perjurious and not disruptive. Therefore, the Court may not rely on the summary adjudication that Rule 42(b) supplies. Instead, before awarding the criminal sanction that the Government seeks, the Court must provide Slaey with the procedural protections of Rule 42(a), including appointing a prosecutor and holding a trial that mirrors a regular criminal trial as closely as possible.[18]

Although the Court may not award the sanction the Government requests without instituting a full criminal trial, the Court could, in the exercise of its discretion[19] and following the procedures outlined in Rule 42(a) and 18 U.S.C. § 3691, appoint a prosecutor to initiate contempt proceedings. The Court declines to exercise its discretion to institute criminal contempt

---

before the general public, as might occur during a trial, and there were no tactics that required immediate cessation."). Summary contempt is also available when a witness refuses to testify after a grant of immunity. *U. S. v. Wilson*, 421 U.S. 309, 319 (1975).

[16] *United States v. Dunnigan*, 507 U.S. 87, 93 (1993); *Ex parte Hudgings*, 249 U.S. 378, 383 (1919) ("[I]n order to punish perjury in the presence of the court as a contempt there must be added to the essential elements of perjury under the general law the further element of obstruction to the court in the performance of its duty.") *Accord D'Amario v. Bailey*, 182 F. App'x 102, 103 (3d Cir. 2006). ("While false statements in an affidavit may be perjury, save for exceptions not applicable here, they cannot be the basis for a finding of contempt."), *Brown v. United States*, 356 U.S. 148, 153 (1958) ("[F]or perjury alone a witness may not be summarily punished for contempt.").

[17] *United States v. Appel*, 211 F. 495, 496 (S.D.N.Y. 1913) (L. Hand, J.).

[18] 18 U.S.C. § 3691.

[19] 18 U.S.C. § 401.

proceedings for the following reasons. First, although the Government has not briefed the issue, it is possible that a fine for civil contempt could adequately compensate the Government for whatever costs it incurred due to the Defendants' acts (assuming without deciding that they are contemptuous).[20] Second, the Plaintiff in this case is the United States, represented by the United States Attorney for the Eastern District of Pennsylvania. If that office in the exercise of its own prosecutorial discretion determines that it has probable cause to indict Defendants for any of the serious offenses alleged in the Government's briefing, it may. Therefore, the public interest in maintaining compliance with the law is not prejudiced by this Court's decision not to institute criminal contempt proceedings. Finally, the weight of authority views contempt as an appropriate vehicle to vindicate the Court's authority to manage proceedings before it and to guarantee compliance with its orders. Because the Government no longer seeks compliance with the July 10 Order, a finding of contempt will not aid the Court in managing the controversy before it. Moreover, judgment has been entered, and a contempt finding would have no impact on the case moving forward.

In this case, the Government initially sought compliance with the Court's Order of July 10, 2012. The Government in its most recent brief has abandoned this request, and instead it seeks to sanction past actions, to punish alleged perjury and similar bad conduct. As the Government does not argue that there is a need to compel compliance with past or future court orders, the better remedy for the conduct that the Government alleges is either a compensatory civil contempt fine (which the Government does not seek) or punishment upon the conclusion of

---

[20] *Waste Conversion, Inc. v. Rollins Envtl. Servs. (NJ), Inc.*, 893 F.2d 605, 612 (3d Cir. 1990) (en banc) ("We therefore urge the district courts in this Circuit, in giving effect to the principle of invoking only 'the least possible power adequate to the end proposed,' *Anderson v. Dunn,* 19 U.S. (6 Wheat.) 204, 231 (1821), to consider the imposition of civil contempt sanctions before resorting to criminal contempt.").

a separate prosecution of a criminal case for Defendants' alleged bad acts.[21] The former remedy would more precisely compensate the Government if it has suffered costs connected to Defendants' actions than the fine the Government seeks, while the latter would better fit the substance of the Government's allegations than this Court's institution of criminal contempt proceedings would.

## III.    Conclusion

For the foregoing reasons, the Government's motion for contempt will be denied. Because the Government has articulated facts which, if proven and presented in an appropriate motion, could support a finding of civil contempt, the denial will be without prejudice. An appropriate Order follows.

---

[21] *Cf. Bartos v. Pennsylvania*, 1:08-cv-0366, 2010 WL 1816674 (M.D. Pa. May 5, 2010) (imposing compensatory civil sanctions on deposition witness for costs that arose from false testimony).